UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD BOUNDS, | ) | No. CV11-9043-JSL(CW) |
| Petitioner, | ) | ORDER DISMISSING PETITION AS SUCCESSIVE |
| v. | ) | |
| MICHAEL MARTEL (Warden), | ) | |
| Respondent. | ) | |

Petitioner is a prisoner in state custody pursuant to a 1983 conviction in California Superior Court, Los Angeles County, Case No. A-563021. This pro se Petition challenges the legality of his conviction and sentence. Because it is a second or successive petition filed without prior authorization from the Ninth Circuit Court of Appeals, the Petition must be dismissed.

### DISCUSSION

Petitioner has brought four prior federal habeas petitions in this District challenging the same conviction he challenges here. See Case Nos. CV87-3744-Kn(GHK), CV92-2692-Kn(GHK), CV 93-3173-Kn(GHK), CV98-5410-JSL(CW). The third of these, Case No. CV93-3173-Kn(GHK),

1

was denied on the merits in a judgment issued on May 18, 1994. [Case No. CV93-3173, Docket Nos. 20, 22.]

A new habeas petition that is brought under 28 U.S.C. § 2254 and that challenges the same state court judgment addressed in one or more prior § 2254 petitions disposed of with prejudice, such as the one in this matter, is a "second or successive" petition. A federal district court may not consider a second or successive petition unless the petitioner has first obtained an order from the proper federal circuit court of appeals authorizing the district court to review the new petition. See 28 U.S.C. § 2244(b)(3)(A). The court of appeals may authorize review of a second or successive petition in the district court only if the petitioner "makes a prima facie showing [to the court of appeals] that the application satisfies the requirements of" 28 U.S.C. § 2244(b). See 28 U.S.C. § 2244(b)(3)(C); Felker v. Turpin, 518 U.S. 651, 657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

Because there is no indication in the record that Petitioner has obtained such an order, this Petition is subject to dismissal without prejudice.[1] Petitioner may file a new petition in this court if and only if he first obtains authorization from the Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

**ORDERS:**

1. It is **ORDERED** that judgment be entered dismissing the petition as successive.

2. The clerk shall serve copies of this order and the judgment

---

[1] A new petition is not subject to dismissal as successive under § 2244(b)(3)(A) based on a prior petition dismissed without prejudice (e.g., for failure to exhaust state remedies). In re Turner, 101 F.3d 1323, 1323 (9th Cir. 1997). The present petition is dismissed as successive to Case No. CV 93-3173, which was dismissed on the merits

2

1  herein on the petitioner.

2

3  DATED:  11/10/11

4

5  _____
   *Spencer Letts*
6  J. SPENCER LETTS
   United States District Judge

7  Presented by:

8  Dated: November 7, 2011

9

10 _____
   CARLA M. WOEHRLE
11 United States Magistrate Judge